UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

_____

SHANE WOLF DELRENO,                              :
                    Plaintiff,            :      No. 5:16-cv-710
                                                   :
     v.                                                 :
                                                   :
AMERICAN BEST LOCKSMITH,               :
                    Defendant.          :

_____

**MEMORANDUM**
**(Vacating Default and Dismissing Case Due to**
**Multiple Instances of Non-Compliance with Court Orders)**

**Joseph F. Leeson, Jr.**                                                **September 14, 2016**
**United States District Judge**

I.     **INTRODUCTION**

        Plaintiff Shane Wolf Delreno filed a Complaint alleging that his former employer, Defendant American Best Locksmith, failed to pay him monies owed for work performed. The Clerk entered default against Defendant for failing to respond to the Complaint; however, since that time, Plaintiff's counsel has repeatedly failed to abide by Court orders, preventing this action from proceeding to a final resolution. For the reasons set forth below, the entry of default is vacated and the Complaint is dismissed pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

II.     **BACKGROUND and PROCEDURAL HISTORY**

        A.     *The Commencement of the Case, and Entry of Default*

        On February 12, 2016, Plaintiff initiated the instant action. The Complaint alleged violations of the Fair Labor Standards Act ("FLSA") and supplemental state law claims. ECF No. 1. Defendant was served with the Complaint on March 7, 2016, but failed to timely respond.

1

ECF Nos. 2-3.  The Clerk entered default pursuant to Federal Rule of Civil Procedure 55(a) on April 20, 2016.

On June 3, 2016, Plaintiff filed a motion for default judgment pursuant to Rule 55(b).  ECF No. 4.  However, he failed to file a brief in support of the motion as required by Local Rule 7.1.  *See* E.D. Pa. L.R. 7.1 ("Every motion not certified as uncontested . . . shall be accompanied by a brief containing a concise statement of the legal contentions and authorities relied upon in support of the motion.").

### B. *Plaintiff's First Non-Compliance with a Court Order*

On June 29, 2016, this Court issued an Order directing that "on or before July 22, 2016, counsel for Plaintiff shall provide proof of damages from which this Court can assess damages and shall indicate whether he believes a hearing is necessary."  ECF No. 5 (citing Fed. R. Civ. P. 55(b)(2) (providing that a court considering a motion for default judgment may conduct a hearing to determine the amount of damages, but is not obligated to do so); *Graphic Styles/Styles Int'l LLC v. Men's Wear Creations*, No. 14-4283, 2016 U.S. Dist. LEXIS 8056, at *18 n.6 (E.D. Pa. Jan. 25, 2016) (finding that a hearing on the plaintiff's motion for default judgment was not necessary because the plaintiff's written submissions provided sufficient evidence to determine damages)).  Plaintiff failed to comply with this Order.

### C. *Plaintiff's Second Non-Compliance with a Court Order*

On August 3, 2016, the Court scheduled a hearing on the Motion for Default Judgment for August 31, 2016, at 2:00 p.m.  ECF No. 6.  The Notice of Hearing directed: "Plaintiff shall serve a copy of this Order on Defendant and file proof of service with the Court."  *Id.*  Plaintiff failed to comply with this Order.  Instead, on the morning of August 31, 2016, Plaintiff's counsel

contacted the Court to advise that he had never served Defendant with notice of that day's hearing. Accordingly, the hearing was continued.

### D. *Plaintiff's Third Non-Compliance with a Court Order*

On August 31, 2016, the Court entered an Order stating:

> **AND NOW**, this 31st day of August, 2016, upon consideration of the Clerk's entry of default against Defendant, of Plaintiff's Motion for Default Judgment, ECF No. 4, of the Order dated June 29, 2016, directing Plaintiff to provide proof of damages on or before July 22, 2016, ECF No. 5, of Plaintiff's failure to abide by that Order, of the Notice of Hearing dated August 3, 2016, scheduling a damages hearing and directing Plaintiff to serve a copy of the Notice on Defendant, ECF No. 6, and of Plaintiff's failure to abide by that Order **IT IS HEREBY ORDERED THAT:**
> 1. The damages hearing scheduled for August 31, 2016, is **CONTINUED** until further notice of the Court;
> 2. **On or before September 9, 2016**, Plaintiff shall file a brief in support of his motion, provide proof of damages from which this Court can assess damages, and indicate whether he believes a hearing is necessary; and
> 3. Plaintiff is advised that his failure to comply with this Order may result in dismissal of the case without further notice.

ECF No. 7 (footnotes omitted). The Order cited "Fed. R. Civ. P. 41(b) ('If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it.')" and "*Link v. Wabash R. Co.*, 370 U.S. 626, 630 (1962) (holding that a district court has the authority to dismiss a case sua sponte for failure to abide by court orders)." *Id.* at n.3. Once again, Plaintiff has not complied with the Court's Order.

### III. STANDARD OF REVIEW

When a plaintiff fails to prosecute or comply with a court order, the court may sua sponte dismiss the action pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. *Link v. Wabash Railroad Co.*, 370 U.S. 626, 629 (1962); *Donnelly v. Johns-Manville Sales Corp.*, 677 F.2d 339, 341 (3d Cir. 1982) ("The rule does not explicitly provide for sua sponte dismissals by

the court, but we believe that it is broad enough to authorize such dismissals on the same basis as it authorizes dismissals upon motion of the defendant."). In *Link*, the Supreme Court stated:

> The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted. The power to invoke this sanction is necessary in order to prevent undue delays in disposition of pending cases and to avoid congestion in the calendars of the District Courts. The power is of ancient origin, having its roots in judgments of nonsuit and non prosequitur entered at common law . . . . It has been expressly recognized in Federal Rule of Civil Procedure 41(b) . . . .

*Link*, 370 U.S. at 629-30.

Prior to dismissal, the court must balance the factors identified in *Poulis v. State Farm Fire and Casualty Co.*, 747 F.2d 863 (3d Cir. 1984). The six factors include:

> (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense.

*Id.* at 868. Not all of the *Poulis* factors need be satisfied to dismiss a complaint; instead, the decision must be made in the context of the court's extended contact with the plaintiff. *Mindek v. Rigatti*, 964 F.2d 1369, 1373 (3d Cir. 1992) (citing *C.T. Bedwell & Sons, Inc. v. Int'l. Fidelity Ins. Co.*, 843 F.2d 683, 696 (3d Cir. 1988)).

### IV. ANALYSIS

In the instant action, several *Poulis* factors weigh in favor of dismissal. First, there is a history of dilatoriness. The Motion for Default Judgment was filed more than three months ago, but is still not supported by a brief in support or by any evidence of damages. Additionally, counsel has failed to comply with three different orders of court, one of which resulted in the last-minute continuance of a court hearing. *See Rieder v. Gannon Univ.*, 481 F. App'x 707, 708 (3d Cir. 2012) (affirming the order dismissing the complaint for failure to prosecute because,

inter alia, the plaintiff's "failure to respond to two different orders appeared to be willful and constituted a history of dilatoriness"); *Whitney v. Barkley*, No. 10-1705, 2011 U.S. Dist. LEXIS 34579, at *5 (W.D. Pa. Feb. 9, 2011) (concluding that the plaintiff's failure to move the case along and ignorance of two court orders was sufficient evidence to indicate that he did not intend to proceed with this case in a timely fashion"), *adopted by* 2011 U.S. Dist. LEXIS 34573 (W.D. Pa. Mar. 30, 2011).

Next, counsel has failed to offer any justification for his failure to comply with the Local Rules or with multiple orders from this Court, which is evidence that his conduct was willful or in bad faith. *See Roman v. City of Reading*, 121 F. App'x 955, 960 (3d Cir. 2005) ("Absence of reasonable excuses may suggest that the conduct was willful or in bad faith.").

Finally, it does not appear that other sanctions would be effective. Without proof of damages, the Court is unable to make a damage award and is therefore precluded from reaching a final resolution of this case. When counsel failed to comply with the first order directing him to submit proof of damages, a damages hearing was scheduled. However, the Court was unable to proceed with the hearing because Plaintiff's counsel again failed to abide by the Court's direction and to notify Defendant of the hearing. Nevertheless, the Court gave counsel another opportunity to provide proof of damages, warning him that failure to abide by the Order might result in dismissal of the case. Despite this warning, counsel has again failed to provide proof of damages. Because the case cannot proceed without this evidence, it does not appear that other sanctions would be effective, which weighs in favor of dismissal. *See Parks v. Ingersoll-Rand Co.*, 380 F. App'x 190 (3d Cir. 2010) (affirming the district court's sua sponte dismissal of the case for the plaintiff's failure to prosecute by not seeking default against the non-responsive defendants); *Miller v. Bailey*, No. 06-349, 2012 U.S. Dist. LEXIS 163057 (D. Del. Nov. 14,

2012) (dismissing the case for the plaintiff's failure to prosecute, despite the clerk's entry of default against the defendant, because the plaintiff repeatedly failed to supply the court with evidence of damages); *Mancuso v. Tyler Dane, LLC*, No. 08-5311, 2012 U.S. Dist. LEXIS 103443 (D.N.J. July 25, 2012) (dismissing the case for the plaintiff's repeated failure to provide proof of damages to decide default judgment).

V.   **CONCLUSION**

Considering counsel's failure to comply with Local Rules and multiple court orders, which has precluded the Court from being able to reach a final resolution of the case, the Court finds good cause to vacate the entry of default[1] and dismisses the action pursuant to Rule 41(b).

BY THE COURT:

*/s/ Joseph F. Leeson, Jr.*
JOSEPH F. LEESON, JR.
United States District Judge

---

[1] Rule 55(c) provides: "The court may set aside an entry of default for good cause." Fed. R. Civ. P. 55(c); *Anheuser-Busch, Inc. v. Philpot*, 317 F.3d 1264, 1267 (11th Cir. 2003) ("Under the circumstances presented here, [the plaintiff's] failure to prove actual damages was sufficient 'good cause' for the court to vacate the default and enter final judgment for [the defendant]").